IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Brynildson Barksdale, ) | |
| ) | Civil Action No. 6:04-21971-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Carroll Ann Owens, ) | |
| Maggie Frady, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on the defendants' motion to dismiss. In his complaint, the plaintiff, who is proceeding *pro se*, alleges that the defendants discharged his employment for smelling of alcohol, even though he had not been drinking and requested an "alcohol test." The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and a notice of right to sue letter was issued on May 28, 2004. He filed his complaint on August 24, 2004, which was within 90 days of his receipt of the letter, as required by Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

      On April 15, 2005, the defendants filed a motion to dismiss. By order filed April 18, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences

if he failed to adequately respond to the motion. On April 26, 2005, the plaintiff filed a response to the motion to dismiss,

The defendants have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).

Liberally construing this *pro se* complaint and based upon the fact that the EEOC has issued a notice of right to sue, the plaintiff is presumably alleging a complaint for employment discrimination pursuant to one or more of the federal statutes. Accordingly, this court recommends that the motion to dismiss for lack of subject jurisdiction be denied at this time. The parties are reminded that under the current scheduling order the deadline for filing dispositive motions on the merits is June 23, 2005.

Wherefore, based upon the foregoing, the defendants' motion to dismiss should be denied.

                                                s/Bruce H. Hendricks
                                                United States Magistrate Judge

May 6, 2005

Greenville, South Carolina