

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BRYNILDSON BARKSDALE, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO.6:04-21971-HFF-BHH |
| | § |
| CARROLL ANN OWENS, | § |
| MAGGIE FRADY, | § |
| | § |
| Defendants. | § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING THE DEFENDANTS' MOTION TO DISMISS

## I.     INTRODUCTION

In this action, Plaintiff alleges that he was wrongfully discharged from his employment. Plaintiff is proceeding *pro se*. Defendants have moved to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which she suggests that Defendants' motion to dismiss be denied. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce Hendricks filed her report on May 6, 2005. Defendants timely filed their objections to the report on May 12, 2005. The Court will review each of the objections in turn.

### III.    DEFENDANTS' OBJECTIONS

Defendants argue that when assessing the Rule 12(b)(1) motion to dismiss, this Court should look to the "four corners" of the complaint only. As such, Defendants take issue with the Magistrate Judge's use of the Equal Employment Opportunity Commission's (EEOC) Right to Sue letter, claiming it to be "outside the factual allegations contained in the Complaint." However, the Right to Sue letter was included in the Plaintiff's complaint. Federal Rule Of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *See also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991) (holding that for Rule 12(b) purposes, the complaint is deemed to include any written instrument attached to it). Hence, it falls within the "four corners" of the complaint.

Defendants' reliance on *Materson v. Stokes*, 166 F.R.D. 368 (E.D.Va. 1996), is misplaced. The court in *Materson* was presented with a suit brought by a *pro se* plaintiff against the EEOC for failure to investigate a claim. *Id.* The court concluded that, even when construing the plaintiff's complaint liberally, jurisdiction was not proper because "Title VII does not provide a right to a general remedy against the EEOC." *Id.* at 371. Thus, *Materson* is not dispositive in the matter before this Court.

As stated by Judge Hendricks, *pro se* complaints are to be construed liberally and should be dismissed only if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Defendants do not take issue with this standard. Under a liberal construction of Plaintiff's complaint, this Court holds that the inclusion of the EEOC's Right to Sue letter in the complaint is sufficient to support a denial of Defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

**IV.    CONCLUSION**

Therefore, after a thorough review of the report and the objections and pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly it is the judgment of this Court that the motion for dismissal for lack of subject matter jurisdiction be **DENIED.**

**IT IS SO ORDERED.**

Signed this 13th day of June, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE