IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Brynildson Barksdale, ) | |
| ) | Civil Action No. 6:04-21971-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Carroll Ann Owens, ) | |
| Maggie Frady, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment. In his complaint, the plaintiff, who is proceeding *pro se*, alleges that the defendants discharged his employment for smelling of alcohol, even though he had not been drinking and requested an "alcohol test." The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and a notice of right to sue letter was issued on May 28, 2004. He filed his complaint on August 24, 2004, which was within 90 days of his receipt of the letter, as required by Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On April 15, 2005, the defendants filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. On May 6, 2005, this court recommended that the motion be denied. In the report and recommendation, this court noted that the *pro se* complaint was being liberally construed

and that, based upon the fact that the EEOC has issued a notice of right to sue, the plaintiff was presumably alleging a complaint for employment discrimination pursuant to one or more of the federal statutes. On June 13, 2005, the Honorable Henry F. Floyd, United States District Judge, adopted the report and recommendation and denied the motion.

On July 28, 2005, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. By order filed July 29, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. He did not timely respond. Accordingly, by order dated September 6, 2005, the plaintiff was advised that if he failed to respond to the motion on or before September 29, 2005, the action would be dismissed for failure to prosecute. On September 27, 2005, the plaintiff filed a response to the motion. The defendants filed a reply to the plaintiff's response on September 29, 2005.

## **FACTS PRESENTED**

The plaintiff named Maggie Frady, an employee of Action Staffing, Inc. ("Action Staffing"), and Carol Ann Owens, the Corporate Director for Human Resources at American Services, Inc. ("American"), as defendants in this action. Action Staffing is a division of American. Action Staffing provides workers to various businesses and manufacturers. One of the facilities to which Action Staffing provides manpower is Renfro Distribution Center ("Renfro") in Clinton, South Carolina. Ms. Frady was the Action Staffing Manager at Renfro and was responsible for hiring and counseling employees, insuring compliance with work rules and, if necessary, terminating employees. The plaintiff, who is a black male, was employed by Action Staffing as a forklift driver at Renfro (Frady aff. ¶¶ 1-5).

Renfro's work rules prohibit working under the influence of alcohol (Frady aff. ¶¶ 6-7, ex. 1-2). On October 10, 2002, the plaintiff was given a written reprimand and was suspended for two days without pay for smelling of alcohol. The plaintiff told Ms. Frady that the smell was "from drinking last night." He was advised that a future violation of the work rules would result in termination (Frady aff. ¶ 9, ex. 3). On April 17, 2003, the plaintiff was again sent home for smelling of alcohol. He was told that it was his last warning (Frady aff. ¶ 10, ex. 4).

According to Ms. Frady, the plaintiff reported to work on October 22, 2003, smelling of alcohol, and his employment was immediately terminated (Frady aff. ¶ 11). Ms. Frady stated in her affidavit that the plaintiff did not request an alcohol test, and even if he had requested an alcohol test, neither Renfro nor Action Staffing would have offered him one as it was not required under their work rules nor necessary given the overwhelming odor of alcohol she and others smelled on the plaintiff (Frady aff. ¶ 11). Ms. Frady testified that within six weeks of the plaintiff's termination, two black males and one Hispanic male were hired as forklift drivers (Frady aff. ¶ 13).

The plaintiff alleges in his complaint that he was discharged from employment for

> allegedly consuming an intoxicating substance prior to reporting to work. I denied the allegation. . . . The day in question is October 22, 2003 when Maggie Frady approached me accusing me of smelling like alcohol. This was the third time within a year that she had accused me. The three times she accused me I requested an alcohol test because I know that I was clean and I don't drink alcohol before going to work. It was about 12:00 or 12:15 when she terminated me for odor of alcohol.

(Complaint III).

**APPLICABLE LAW AND ANALYSIS**

The defendants have again moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, based upon the plaintiff's failure to allege facts upon which subject matter jurisdiction can be based. As noted in the prior report and recommendation, this court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). As part of his requested relief in his complaint, the plaintiff requested "discrimination compensation," and he included the EEOC's Right to Sue letter as part of his complaint. Fed.R.Civ.P. 10(c). In his order dated June 13, 2005, Judge Floyd noted that this was sufficient to support a denial of the defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction (6/13/05 order at 2).

The defendants also argue that the complaint should be dismissed for lack of subject matter jurisdiction because the jurisdictional facts alleged in the complaint are untrue (def. m. to dismiss 4-7). As stated by the District Court for the Eastern District of Virginia:

> A motion under Rule 12(b)(1) may attack subject matter jurisdiction in two different ways. Defendants may contend either that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or that the jurisdictional facts alleged in the complaint are untrue. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In both situations, the burden is on

4

> plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189; *Adams*, 697 F.2d at 1219. . . . This type of Rule 12(b)(1) motion attacks "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F.Supp. 231, 233 (E.D.Va.1996) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). When presented with this type of argument, no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims. *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 971 n. 4 (4th Cir.1990); *White*, 947 F.Supp. at 233.

*King v. Riverside Regional Medical Center*, 211 F.Supp.2d 779, 780-81 (E.D. Va. 2002) (parallel citations omitted).

In his deposition, the plaintiff made it clear that his complaint arose out of the accusations that he smelled of alcohol:

> Q: So you have sued Ms. Frady because she accused you of smelling of alcohol, she wasn't nice to you, and she wouldn't give you a test?
>
> A. Well, number one, she accused me of alcohol; number two, yeah, came to me in a very belligerent kind of manner, and, yes I requested a [sic] alcohol test, and she denied me all three times.
>
> Q. And you filed a federal lawsuit for those three reasons?
>
> A. Yes, three times, yes.

(Pl. dep. 72). The plaintiff was asked if there were "any other reasons" for the lawsuit against Ms. Frady, and he responded, "Well, wasn't nice to me - she came to me in a harassing manner. I'll put it that way" (pl. dep. 72). Later in his deposition, when asked whether there were any other reasons, the plaintiff testified as follows:

> A. . . . I thought she discriminated against me.
>
> Q. All right. What do you mean by that?
>
> A. My state of being.

5

> Q. She discriminated against your state of being?
>
> A. Of my state of being. She misjudged my state of being.
>
> Q. I'm not sure I understand what you mean by that when you say that she's discriminated against your state of being?
>
> A. Well, my character, my intelligence, my work performance.

(Pl. dep. 73). The theme came up again later in the deposition:

> A. . . . I brought the lawsuit because I felt like I was discriminated against.
>
> Q. Discriminated against your state of being?
>
> A. That's right, my state of being and my character.
>
> Q. That we've already talked about?
>
> A. Right.

(Pl. dep. 90).

With regard to defendant Carole Ann Owens, the plaintiff testified that she had no part in his termination, but when he attempted to contact her following his termination, he became frustrated "when [he] tried to contact her . . . [he] couldn't get in contact with her" (pl. dep. 75-76). In his deposition, the plaintiff testified:

> Q. Did Ms. Owens do or say anything to discriminate against you?
>
> A. No. No, I am not going to say that she said anything to discriminate. I think she avoided me. She avoided the fact that I was filing a lawsuit against them. So I am going to use the words she avoided me.

(Pl. dep. 80).

The Fourth Circuit Court of Appeals in *Chris v. Tenet*, 221 F.3d 648 (4th Cir. 2000) stated as follows:

> The jurisdictional grant in 42 U.S.C. § 2000e-5(f)(3) refers to legal proceedings in a court of law to enforce the substantive

> rights guaranteed by Title VII, specifically the right to be free from employment discrimination on the basis of race, color, religion, sex, or national origin.

*Id.* at 655.  Clearly, the plaintiff's deposition testimony regarding discrimination against his "state of being" does not support his jurisdictional claims.  The plaintiff's response to the summary judgment motion does not point to any fact in the record that implicates federal jurisdiction.  Accordingly, the motion to dismiss for lack of subject matter jurisdiction *in fact* should be granted.

The defendants argue in the alternative that if the court determines that it has subject matter jurisdiction, the action should be dismissed for failure to state a claim or the court should grant summary judgment.  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).  As matters outside the pleading have been submitted to and not excluded by the court, the motion shall be treated as one for summary judgment.  Fed.R.Civ.P. 12(b)(6).

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that:  (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed

"material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

As noted by the defendants, the only cognizable theory that the plaintiff may fall within the parameters of is a claim for racially-motivated discharge under Title VII (def. m.s.j. 11). Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973), the allocation of proof is as follows: (1) the plaintiff-employee must first establish a *prima facie* case of discrimination; (2) if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant-employer to articulate a legitimate non-discriminatory reason for its actions; and (3) if the defendant carries this burden, the plaintiff must then establish by a preponderance of the evidence that the reason articulated by the employer is a pretext to mask unlawful discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (quoting *McDonnell Douglas,* 411 U.S. at 802-03).

To establish a *prima facie* case of race discrimination, the plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) the position remained open to similarly qualified applicants after the plaintiff was discharged. *Amaker v. Winn Dixie, Greenville,* Inc., No. 95-1254, 1995 WL 706873, *2 (4th Cir. 1995). The plaintiff cannot satisfy the second and fourth elements of a *prima facie* case. As noted above, he was discharged from employment after two warnings regarding smelling of alcohol while at work. Ms. Frady testified in her affidavit that aside from violating the work rules, as a forklift driver, the plaintiff, having consumed alcohol prior to reporting to work, was a danger not only to himself but also to his co-workers (Frady aff. ¶ 8). The affidavits of two co-workers submitted by the plaintiff also indicate that he was terminated because he smelled like alcohol. There is no indication in these affidavits that the plaintiff was discriminated against

(Mamie Hill aff.; Karon Hill aff.). Furthermore, after the plaintiff was discharged, Action Staffing replaced the plaintiff and hired two additional forklift drivers at Renfro. The new hires consisted of two black males and one Hispanic male, all of whom, like the plaintiff, belonged to a protected class (Frady aff. ¶ 13). Based upon the foregoing, summary judgment should be granted on the plaintiff's claim of race discrimination.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendants' motion to dismiss for lack of subject matter jurisdiction *in fact* should be granted. In the alternative, the defendants' motion for summary judgment should be granted.

                    s/Bruce H. Hendricks
                    United States Magistrate Judge

September 30, 2005

Greenville, South Carolina