

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BRYNILDSON BARKSDALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:04-21971-HFF-BHH |
| | § | |
| CARROLL ANN OWENS, MAGGIE FRADY, | § | |
| | § | |
| Defendants. | § | |

ORDER

**I.     INTRODUCTION**

This is an action for wrongful termination of employment. Plaintiff Brynildson Barksdale (Plaintiff) asserts that this Court has jurisdiction over the action pursuant to 42 U.S.C. § 2000e-5(f)(3). For the reasons stated below, the Court finds that it lacks jurisdiction and must dismiss Plaintiff's claims.

**II.    STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may

1

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

U.S. Magistrate Judge Bruce H. Hendricks filed her Report on September 30, 2005. Plaintiff timely filed his objections to the Report on October 11, 2005. Plaintiff objects to the portions of the Magistrate's Report which (1) noted that he did not request an alcohol test, (2) found that the Court lacks jurisdiction over his claims, and (3) concludes that the evidence indicates that he was dismissed for drinking alcohol prior to work.

## III.  DISCUSSION

Defendants contend that the Court lacks jurisdiction over Plaintiff's claims; therefore, the Court first addresses the question of subject matter jurisdiction.

When determining whether subject matter jurisdiction exists, a court may proceed in two ways. First, the Court may evaluate the question of jurisdiction solely based on the complaint. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Although the party invoking federal jurisdiction bears the burden of proving that jurisdiction is proper, the Court–when evaluating jurisdiction solely based on the complaint–must assume that the allegations made in the complaint are true. *Id.* at 1216. In the instant case, Defendants initially moved, under Fed. R. Civ. P. 12(b)(1), to dismiss based solely on Plaintiff's complaint. However, the Court, construing Plaintiff's civil rights complaint liberally, *id.*, denied this motion. (Order of June 13, 1005.)

The second method of evaluating subject matter jurisdiction permits the Court to determine whether the jurisdictional facts contained in the complaint are true. *Id.* at 1219. At this point, the plaintiff bears the burden of showing that jurisdiction exists, and no presumption of truthfulness attaches to the allegations in the complaint. *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967 n.4 (4th Cir. 1990). Having completed discovery, defendants now renew their 12(b)(1) motion to

dismiss, and the Court analyzes the motion under this latter standard.

Defendants allege that Plaintiff was terminated from his job due to several occasions of drinking prior to coming to work. Plaintiff asserts that he requested an alcohol test each time he was confronted and accused of having alcohol on his breath. Based on these facts, Plaintiff has stated facts which allege, at most, only a common law action in contract or tort. Federal jurisdiction in this context only arises when "the substantive rights guaranteed by Title VII [of the Civil Rights Act of 1964], specifically the right to be free from employment discrimination on the basis of race, color, religion, sex, or national origin" are implicated. *Chris v. Tenet*, 221 F.3d 648, 652 (4th Cir. 2000). Clearly, federal jurisdiction is not properly invoked unless Plaintiff asserts some form of discrimination based on these enumerated factors.

As noted in the Magistrate Judge's Report, Plaintiff asserted that he was discriminated against by Defendant Frady based on "my state of being" and "my character, my intelligence, and my work performance." (Report at 6.) In fact, with regard to Defendant Owens, Plaintiff testified that she did not discriminate against him in any way. *Id.* These facts lead to the conclusion that Plaintiff's claims are for no more than a wrongful discharge. While he may be able to assert an action in contract or tort elsewhere, he has not properly invoked subject matter jurisdiction here.

In his Objections, Plaintiff avers that he was also discriminated against based on his religion. While religious discrimination is actionable under Title VII, no evidence in the record supports a claim for religious-based discrimination. As noted earlier, the Court here evaluates the jurisdictional facts of the complaint for truthfulness, with no presumption of their veracity accorded to Plaintiff. Therefore, Plaintiff may not rest on an allegation of discrimination based on religion, but must

introduce at least some evidence to support this charge. As Plaintiff has failed to do so, the Court finds that subject matter jurisdiction is lacking.[1]

IV.     **CONCLUSION**

Based on the foregoing, the Court finds that the Report of the Magistrate Judge is proper, and the Court incorporates the Report herein to the extent that it does not contradict the terms of this Order. The Court further finds that this action should be, and hereby is, **DISMISSED** for lack of subject matter jurisdiction.[2] All remaining motions are hereby rendered **MOOT.**

**IT IS SO ORDERED**.

Signed this 17th day of October, 2005 in Spartanburg, S.C.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has thirty days from the date of the entry of this Order in which to file an appeal. Fed. R. App. P. 3-4. Failure to do so waives the right to appeal.

---

[1] In addition to her recommendation that this case be dismissed, the Magistrate Judge concluded that even if the Court had subject matter jurisdiction, Plaintiff's claims would fail to state a *prima facie* case of discrimination under Title VII. *See* Report at 9. The Court agrees with this conclusion and notes that if jurisdiction existed, it would award summary judgment to Defendants for the reasons stated by the Magistrate Judge.

[2] The Court has reviewed Plaintiff's remaining objections, finds them to be without merit, and overrules them.

4